**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Access Developers LLC, | No. CV-22-01966-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Cpapnea Medical Supply, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Transfer to the Eastern District of Washington (Doc. 8) and the parties' Stipulated Motion to Transfer to the Western District of Washington, Tacoma Division (Doc. 10).  After considering the parties' motions and the relevant caselaw, the Court denies Defendants' Motion to Transfer as moot, and grants the parties' Stipulated Motion to Transfer for the following reasons.

Plaintiff, a resident of Clark County, Washington, filed a Complaint in Washington's Clark County Superior Court. (Doc. 1 at 2–3 ¶¶ 1, 6.)  Defendants, Arizona residents, filed a Notice of Removal with the Court based on diversity jurisdiction. (*Id.* at 2 ¶¶ 2, 4.)  Shortly after, Defendants filed a motion to transfer the case to the Eastern District of Washington, noting that "Defendants' filing in the District of Arizona was in error, as 28 U.S.C. § 1441(a) only permits removal 'to the district court of the United States for the district and division embracing the place where such action is pending.'" (Doc. 8 at 2.)  Thereafter, the parties filed a Stipulated Motion to Transfer the case to the Western District of Washington, Tacoma Division. (*See* Doc. 10).  The

1   parties have stipulated that: "(1) Defendants shall not move to transfer venue to any other

2   state or federal court, and (2) Plaintiff shall not move for remand to the Clark County,

3   Washington Superior Court." (*Id.*)

4          For a defendant to remove a case from state court to federal court, 28 U.S.C.

5   § 1441(a) must be satisfied. It reads:

6   > Except as otherwise expressly provided by Act of Congress, any civil
> action brought in a State court of which the district court of the United

7   > States have original jurisdiction, may be removed by the defendant or the

8   > defendants, **to the district court of the United States for the district and
> division embracing the place where such action is pending.**

9   (emphasis added). However, district courts within the Ninth Circuit have treated cases

10  removed to the wrong district as a procedural defect that should be resolved by

11  transferring rather than remanding. *See Gomes v. Silver State Mortg.*, No. C 09-2340 RS,

12  2009 WL 10674100, at *1 (N.D. Cal. July 28, 2009) (noting that although the Ninth

13  Circuit has yet to speak on this issue, this remedy has been adopted by the Eleventh and

14  Fifth Circuit); *see also Setterland v. Patel*, No. C 05-04501 WHA, 2006 WL 335285, at

15  *1 (N.D. Cal. Feb. 14, 2006) (adopting this approach from the Eleventh Circuit).

16         The Court agrees that because Plaintiff filed the Complaint in a Washington state

17  court, pursuant to 28 U.S.C. § 1441(a), Defendants erroneously removed the case to the

18  District of Arizona. Nevertheless, following district courts within the Ninth Circuit, the

19  Court finds this procedural defect can be cured by granting the parties' Stipulated Motion

20  to Transfer. Defendants' Motion Transfer is thus rendered moot.

21         Accordingly,

22         **IT IS ORDERED** that the parties' Stipulated Motion to Transfer is granted.

23  (Doc. 10.)

24         **IT IS FURTHER ORDERED** transferring this case to the Western District of

25  Washington, Tacoma Division.

26         **IT IS FURTHER ORDERED** that Defendants' Motion to Transfer is denied as

27  moot. (Doc. 8.)

28  …

1      **IT IS FURTHER ORDERED** instructing the Clerk of the Court to terminate this

2   case.

3      Dated this 9th day of December, 2022.

4

5

6

                 Honorable Susan M. Brnovich

7                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28